Smith, J.
The only question presented or considered in this case is,, whether under the provisions of sec. 3193 et post., Rev. Stat., a sub-contractor, material man, laborer or mechanic, who has performed labor, or furnished materials or machinery,” * * * “for the construction, alteration, removal or repair, of any * * * road improvement, or other public improvement, provided for in a contract,” between the board of county commissioners and. a principal contractor, “ and under a contract between such, sub-contractor, material man, laborer or mechanic and a principal contractor or sub-contractor,” may by proper proceedings under said statute, acquire any right to or against money due to such contractor from the county for the construction o£ a road improvement or other public improvement, on a contract for the construction thereof. If he can not, the writ of mandamus should issue, provided it lies in a case of this kind against the county auditor; for the question whether the county commissioners alone are not the proper defendants in a proceeding like this, though suggested, has not been raised, or considered by us; for it is conceded that the amount for which it is prayed that the auditor be required to issue his warrant, is due from the county to the relators, and should be paid, unless the statute requires it to be held to meet the demands-of those who have filed their claims against it with the board and auditor, as was done in this case.
I.t is claimed on the part of the relators that this statute-does not authorize the filing of such claims in a case like this,, or the withholding of the money by the county, and that this-has been practically decided by the Supreme Court Commission (41 Ohio St. 373), in the case of the The Lumber Co. v. Purdum. The question in that case arose on the statute of March 30, 1875 (72 Ohio Laws, 166), and the court in the decision simply say that this “act did not apply to the public buildings, or to commissioners of counties.” No further statement on this point was made, or any reason assigned for the- *237 holding; but the court must have acted on the well settled rule, that under the provisions of mechanic lien statutes, no lien or right provided for in general language, will he held to give any such remedy against the public, unless it is so expressly provided therein. See Yaple’s Plead., vol. 2, 1082 — and many authorities could be cited in support of this doctrine — and the court must have held that the language of that statute did not so provide.
If, therefore, the 'statute now in force, and which governs this case, is in this respect substantially the same, the relators are entitled to their money — but is it the same ?
Sec. 3193, as it now stands in the Revised Statutes, is in many respects similar to the law of 1875, of which it is a revision, it having been passed in its present form March 5,1887 (Ohio L. 84, 48); but as to the point now under consideration, other and additional language is used, which certainly goes far to sustain the claim of the defendant that the law as it now stands expressly gives sub-contractors and others in cases of this kind the right to stop the money of the contractor held by the county. In the law of 1875, the only words used which tended to show that the legislature intended to give this right as against the public, were “road, turnpike, street” — any one of which might be built or constructed otherwise than by the public, as by a corporation, private or municipal. But as if to correct a felt want or defect in the law as it stood, “'and to give to those, who as sub-contractors or otherwise, perform labor for a principal contractor on public improvements, the same right as is given to those who perform like services|for individuals or corporations, the law was amended by the insertion of the words, “ roacl improvement or other public improvement.” And we are of the opinion that the legislature did thus give the right to such persons by following the steps pointedjout in the statute, not to have a lien on the improvement itself, but to have the money due to the principal contractor held to"meot their claims, if found to be just and correct. As held in Bullock v. Horn, 44 Ohio St. 426, “the statutes of this statejupon *238 the subject of mechanic’s liens being remedial in their nature, are to be liberally construed in order to carry out the purpose of the legislatui-e in their enactment.” And the purpose of this .statute being to secure to such persons, so far as it can properly be done, payment for their labor and materials put into the structure, and the reason for this, existing in a case of this kind as well as' in any other, such construction should be put upon these words as would make effective this intention. But what other construction can properly be placed on the language ? We think it clear that such is the meaning to be given to it.
S. A. Miller, for relators.
L. M. Hadden, County Solicitor, for defendant.
IT. B. Tur rill and Wm. A. Hicks, for claimants.
And such is the construction given to it by those who have considered it, and whose opinions are entitled to much weight. We are cited to no adjudication by any of the courts of the state on the- statute, as thus amended, but Judge Yaple in his discussion of the question, in his work on Pleading, vol. 2, page 1091* says: “This section applies to public buildings, except those of the state, which can not be sued. The public is liable for such fraud,” (that is for a payment to the pricipal contractor, by fraud or collusion with him) “ of its officers or agents, and must make good the loss resulting therefrom, though no lien can be taken on the building or work itself. Such officer or agent will be personally liable to the public or party sustaining loss by his fraud.” And in Rockel & White’s work on Liens, page 98, it is said that this “ section (3193) in addition, includes turnpikes, road improvements, or other public improvements. The intention of the legislature in thus repeating these words, is explained only on the theory that the road and turnpike improvements here named, are probably intended to be those which are made by public authority under section 4758 et seq. Rev. Stats., and similar laws.”
The writ will be refused, and the petition dismissed.